UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Criminal Case No: 15-20574
v.                                    Hon.  DENISE PAGE HOOD

D-3 LEO JAMES JOHNSON

        Defendant.

_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO VACATE §924(c) CONVICTION UNDER § 2255 [#239] and DENYING AS MOOT RENEWED MOTION TO VACATE [#270]</u>**

**I.     INTRODUCTION**

On March 10, 2017, Defendant Leo James Johnson ("Johnson"), pursuant to a Rule 11 Plea Agreement pled guilty to participating in a Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count I) and to possessing a weapon during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count II). [ECF No. 160] On September 11, 2017, the Court sentenced Johnson to 27 months on Count I to be served concurrent with Johnson's state court case and 60 months on Count II to be served consecutive to Count I. [ECF No. 191] On June 22, 2020, Johnson filed the instant Motion to Vacate Sentence under 28 U.S.C. § 2255. [ECF No. 239] On July 7, 2020, the Court ordered a Response from the Government. [ECF No. 245] On August 11, 2020, the Government filed its Response. [ECF No. 248]

1

For the reasons set forth below, Johnson's Motion to Vacate Sentence under 28 U.S.C. § 2255 is **GRANTED**.

## II. ANALYSIS

### A. Timely Filed

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under section 2255 are subject to a one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). Although the instant Motion was brought after the one-year limitation period, 28 U.S.C. § 2253(f)(3) allows a defendant to bring a motion if a right has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As Johnson asserts, the Supreme Court established Johnson's right to bring the instant Motion in *United States v. Davis*, on June 24, 2019. 139 S.Ct. 2319 Accordingly, any motion filed before June 24, 2020, would be considered timely. As an initial matter, the Court notes that Johnson's Motion was timely filed.

### B. United States v. Davis

In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague and struck down § 924(c)'s "crime of violence" definition. Guided by *Davis*, Johnson argues that his 924(c) conviction must be vacated because it was predicated upon a Racketeering Conspiracy conviction as a crime of violence. The Government agrees. As the Government indicates, the Rule 11 Plea Agreement only found that Johnson and other members

of the conspiracy agreed to participate, indirectly and directly, to conduct the enterprise's affairs through a pattern of racketeering activity. [ECF No. 153] The Plea Agreement specifically found that Johnson conspired to complete a home invasion and a robbery. [ECF No. 160]

Although the facts were enough to convict Johnson of a RICO conspiracy under 18 U.S.C. § 1962(d), the Plea Agreement only found that Johnson made an *agreement* to commit racketeering acts. The Plea Agreement did not establish as "an element" of the RICO conspiracy, that Johnson ever completed a robbery, or even that he attempted or threatened one. § 924(c)(3)(A). Since the Government does not contest Johnson's Motion, the only remaining issue is the remedy.

### C.  Remedy

Section 2255 gives the Court the power to either "resentence" Johnson or to "correct the sentence as may appear appropriate." As long as the Court explains the basis for its reasoning, it has "wide berth in choosing the proper scope of post-2255 proceedings." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). The Government asserts that the Court has the authority to conduct a full resentencing and increase Johnson's sentence to 33 months. Alternatively, the Court could reconsider the concurrent nature of the RICO conspiracy to consider the vacated § 924(c) conviction.  Every circuit, including the Sixth Circuit has held that district courts have "the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997). Even the Supreme Court in *Davis* noted that courts could "increase the sentences for any remaining counts if such an increase is warranted." 139 S. Ct. at 2336. The Government argues that nothing in *Davis* precludes the Court from finding that Johnson's conduct was any less violent, or any less culpable as a participant in his gang—the Band Crew.

"Rather than . . . conduct a de novo resentencing," the Government advocates for vacating the § 924(c) conviction and leaving the 27-month RICO conspiracy sentence as is. *United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018). The Government contends that this is appropriate, given Johnson's current 15-year sentence in state prison. [ECF No. 248, Pg.ID 1089] The Government asserts that such an action is appropriate as long as the Court can "properly rely on the explanation . . . originally provided in support of [Johnson's] sentence." *Nichols*, 897 F.3d at 738.

The Government argues that the Court can fully comply with *Nichols* because none of the underlying conduct for the RICO conspiracy has changed and Johnson's guideline range for the RICO conspiracy is still the same as it was at his original sentencing proceeding.

### III. CONCLUSION

For the reasons listed above,

IT IS HEREBY ORDERED that Johnson's Motion to Vacate Sentence under § 2255 [ECF No. 239] is **GRANTED**.

IT IS FURTHER ORDERED that Johnson's Renewed Motion to Vacate [ECF No. 270] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Johnson's sentence is corrected without a full resentencing and the Court vacates Johnson's 60-month § 924(c) sentence, leaving only the 27-month RICO-conspiracy sentence.

IT IS ORDERED.

DATED: December 3, 2021

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge